**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CEDRIC LYNN STRUGGS, | No. C 08-3909 MMC (PR) |
| Plaintiff, | **ORDER OF DISMISSAL WITH LEAVE TO AMEND; DENYING AS MOOT PLAINTIFF'S MOTION TO SUBMIT CONSTITUTIONAL VIOLATIONS** |
| v. | |
| MIKE EVANS, Warden, et al., | |
| Defendants. | **(Docket No. 3)** |

On August 15, 2008, plaintiff, a California prisoner incarcerated at Salinas Valley State Prison ("SVSP") and proceeding pro se, filed the above-titled civil rights action under 42 U.S.C. § 1983. By separate order filed concurrently herewith, plaintiff has been granted leave to proceed in forma pauperis.

**DISCUSSION**

A. Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. See id. § 1915A(b)(1),(2). Pro se pleadings must, however, be liberally construed. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the

Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988).

B.   Plaintiff's Claims

According to the allegations in the complaint, the following events transpired: Plaintiff was charged with a serious rules violation ("CDC 115") in connection with a riot that occurred on November 25, 2007 at SVSP. Plaintiff's disciplinary hearing, which was scheduled for December 29, 2007, was postponed by the senior hearing officer ("SHO"), defendant Lt. R.W. Fritz ("Fritz"), when plaintiff complained that he was not ready to proceed because the investigating officer had "intentionally manipulated" the questions asked of plaintiff and his cellmate, and plaintiff's requested witnesses were not present at the hearing. (Compl. at 3-3B.) The hearing was reconvened on January 3, 2008. Plaintiff asked that he be allowed to question his witnesses, but Fritz denied plaintiff's request; while conceding he had told plaintiff on December 29, 2007 that plaintiff could call witnesses, Fritz stated "today is another hearing" and that the preponderance of the evidence supported a finding of guilt. Fritz also denied plaintiff's request to view video evidence that would have shown the statements made by prison officials in their reports were inaccurate. (Compl. at 3C.) Plaintiff appealed the disciplinary finding of guilt. The appeal was denied at all levels of review. (Compl. at 3D.)

By the instant complaint, plaintiff seeks monetary damages from various prison officials for their alleged failure to file, in connection with plaintiff's disciplinary hearing, truthful reports about the riot and for their failure to provide training to correctional officers, as well as for their failure to comply with pre-disciplinary hearing procedures and failure to allow plaintiff to call witnesses and present video evidence at his disciplinary hearing.

The complaint must be dismissed because plaintiff has failed to provide sufficient facts for the Court to determine whether he states a cognizable claim for relief. Specifically, plaintiff's overarching claim is, as set forth above, that he was denied due process at his disciplinary hearing. Whether plaintiff was denied due process at his disciplinary hearing,

2

however, requires an initial determination that he was deprived of a protected liberty interest. See Sandin v. Conner, 515 U.S. 472, 484 (1995). In the context of prison disciplinary hearings, the deprivation of a protected liberty interest occurs when the punishment administered by prison officials "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life," id., or "will inevitably affect the duration of [a] sentence," id. at 487. Thus, absent a finding that a prisoner has been deprived of a protected liberty interest as the result of a disciplinary hearing, there exists no cognizable claim for the denial of due process at such hearing.

Here, plaintiff has not provided enough information about his disciplinary hearing for the Court to make an initial determination as to whether he was deprived of a protected liberty interest; in particular, he has set forth neither the nature of the serious rules violation with which he was charged nor the punishment he received upon being found guilty. Accordingly, plaintiff's claim that he was denied due process at his disciplinary proceeding will be dismissed, and plaintiff will be given leave to amend to allege facts that cure the noted pleading deficiencies.

C. Pending Motions

Plaintiff has filed a "Motion to Submit Constitutional Violations," in which he states he is of the belief that he must submit a separate list of the alleged constitutional violations committed by defendants. Included with plaintiff's motion is a list of such violations. Plaintiff's motion will be denied as moot, as plaintiff may include his list of constitutional violations in his amended complaint.

**CONCLUSION**

For the reasons stated above, the Court orders as follows:

1. Plaintiff's motion to submit a separate list of constitutional violations is hereby DENIED as moot. (Docket No. 3.)

2. Plaintiff's claim of denial of due process at his disciplinary hearing is hereby DISMISSED with leave to amend.

Within **thirty (30)** days of the date this order is filed, plaintiff may file an AMENDED

3

COMPLAINT, **using the court's form civil rights complaint**, a copy of which is provided herewith, in order to cure the deficiencies noted above. Plaintiff shall complete the form, and include in the caption both the case number of this action, No. C 08-3909 MMC (PR), and the phrase "AMENDED COMPLAINT."

An amended complaint supersedes the initial complaint and may not incorporate by reference any parts of the original complaint. London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981). Defendants not named in an amended complaint are no longer defendants. See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir.1992). The above-described rules govern actions filed by pro se litigants as well as litigants represented by counsel. See King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987). Accordingly, if plaintiff wishes to amend his complaint to cure the pleading deficiencies noted above, he must file an amended complaint that includes any claims from the complaint he wishes to preserve. **If plaintiff fails to timely file an amended complaint in conformity with this order, the action will be dismissed without prejudice.**

3. It is plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action, pursuant to Federal Rule of Civil Procedure 41(b), for failure to prosecute.

This order terminates Docket No. 3.

IT IS SO ORDERED.

DATED: March 16, 2009

_____
MAXINE M. CHESNEY
United States District Judge