IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CEDRIC LYNN STRUGGS,<br><br>    Plaintiff,<br><br>  v.<br><br>MIKE EVANS, Warden, et al.,<br><br>    Defendants.<br>_____ | No. C 08-3909 MMC (PR)<br><br>**ORDER OF SERVICE; DENYING MOTION FOR APPOINTMENT OF COUNSEL**<br><br>**(Docket No. 8)** |

On August 15, 2008, plaintiff, a California prisoner incarcerated at Salinas Valley State Prison ("SVSP") and proceeding pro se, filed the above-titled civil rights action under 42 U.S.C. § 1983. In his complaint, plaintiff alleged due process violations in connection with a disciplinary hearing. Upon reviewing the allegations in the complaint, the Court concluded the complaint was subject to dismissal because plaintiff had failed to provide sufficient facts for the Court to determine whether the complaint stated a cognizable claim for relief. Consequently, the Court dismissed the complaint, and afforded plaintiff leave to file an amended complaint if he could allege, in good faith, facts to cure the noted pleading deficiencies.

Now pending before the Court is plaintiff's amended complaint ("AC") and his concurrently filed motion for appointment of counsel.

//

//

**DISCUSSION**

A. <u>Standard of Review</u>

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. See id. § 1915A(b)(1),(2). Pro se pleadings must, however, be liberally construed. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988).

B. <u>Plaintiff's Claims</u>

According to the allegations in the AC, the following events transpired:

Plaintiff was charged with a serious rules violation in connection with a riot that occurred on November 25, 2007 at SVSP. (AC at 3-3A.) Plaintiff's disciplinary hearing, which was scheduled for December 29, 2007, was postponed by the senior hearing officer, defendant Lt. R.W. Fritz ("Fritz"), when plaintiff complained that he was not ready to proceed because the investigating officer had "intentionally manipulated" the questions asked of plaintiff and his cellmate, and plaintiff's requested witnesses were not present at the hearing. (AC at 3B-3C.) The hearing was reconvened on January 3, 2008. At the hearing, plaintiff asked that he be allowed to question his witnesses, but Fritz, while conceding he had told plaintiff on December 29, 2007 that plaintiff could call witnesses, denied plaintiff's request. (AC at 3C-3D.) Fritz also denied plaintiff's request to view videotaped evidence that would have shown the statements made by prison officials in their reports were inaccurate. (AC at 3D.) Plaintiff was found guilty of participation in a riot and was assessed ninety days forfeiture of good-time credits. (See AC Attachment "Rules Violation Report –

Part C" dated Jan. 3, 2008.) Plaintiff appealed the disciplinary finding of guilt. The appeal was denied at all levels of review. (AC at 3D.)

By the instant complaint, plaintiff seeks monetary damages from various prison officials for their alleged failure to file, in connection with plaintiff's disciplinary hearing, truthful reports about the riot and for their failure to provide training to correctional officers, as well as for their failure to allow plaintiff to call witnesses and present video evidence at his second disciplinary hearing.

Prison disciplinary proceedings are not part of a criminal prosecution and, consequently, the full panoply of rights due a defendant in such proceedings does not apply. Wolff v. McDonnell, 418 U.S. 539, 556 (1974). Nevertheless, where serious rules violations are alleged, state regulations restrict the power of prison officials to impose sanctions, and, where the sanctions imposed are severe, the Due Process Clause requires certain minimum procedural protections. See id. at 556-57, 571-72 n.19. In particular, the deprivation of a protected liberty interest warranting the procedural protections of due process occurs when the punishment administered by prison officials for a disciplinary infraction "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life," Sandin v. Conner, 515 U.S. 472, 484 (1995), or "will inevitably affect the duration of [a] sentence." Id. at 487. Here, plaintiff alleges he was assessed ninety days forfeiture of credits as a result of the disciplinary finding of guilt against him; based on such allegation, plaintiff was entitled to the protections of procedural due process at his disciplinary hearing.

The five procedural requirements established by Wolff are: (1) written notice of the charges; (2) a period of no less than twenty-four hours to prepare for the disciplinary hearing; (3) a written statement by the factfinders as to the evidence relied on and reasons for the disciplinary action; (4) a limited right to call witnesses and present documentary evidence at the disciplinary hearing; and (5) a limited right to receive assistance from a fellow inmate or correctional staff. See Wolff, 418 U.S. at 564-70. Plaintiff's allegation that he was not allowed to call witnesses or present videotaped evidence at his disciplinary hearing therefore states a cognizable claim for relief.

In addition to the procedural requirements noted above, the revocation of good-time credits does not comport with the minimum requirements of procedural due process in Wolff unless the findings of the prison disciplinary board are supported by some evidence in the record. Superintendent v. Hill, 472 U.S. 445, 454 (1985). Further, there must be some indicia of reliability of the information that forms the basis for prison disciplinary actions. See Cato v. Rushen, 824 F.2d 703, 704-05 (9th Cir. 1987). Here, when liberally construed, plaintiff's allegations that the officers' statements relied upon to find him guilty at the hearing were fabricated and did not correspond with the events depicted on the videotape state a claim for the denial of due process based on the use of unreliable evidence.

C.      Motion for Appointment of Counsel

Plaintiff has filed a motion for appointment of counsel. There is no constitutional right to counsel in a civil case such as this. See Lassiter v. Dep't of Social Services, 452 U.S. 18, 25 (1981). Rather, pursuant to 28 U.S.C. § 1915, a district court has the power to "request" that counsel represent a litigant who is proceeding in forma pauperis. 28 U.S.C. § 1915(e)(1). The decision to request counsel to represent an indigent litigant under § 1915 is within "the sound discretion of the trial court and is granted only in exceptional circumstances." Franklin v. Murphy, 745 F.2d 1221, 1236 (9th Cir. 1984). A finding of "exceptional circumstances" requires an evaluation of (1) the likelihood of the plaintiff's success on the merits, and (2) the plaintiff's ability to articulate his claims pro se in light of the complexity of the legal issues involved. See Agyeman v. Corrections Corp. of America, 390 F.3d 1101, 1103 (9th Cir. 2004). To date, plaintiff has been able to present his claims in an adequate manner and there are no exceptional circumstances warranting appointment of counsel at this time. Accordingly, plaintiff's motion for appointment of counsel will be denied. Should the circumstances of the case materially change, the Court may reconsider plaintiff's request sua sponte.

//
//
//

4

**CONCLUSION**

For the reasons stated above, the Court orders as follows:

1. Plaintiff's motion for appointment of counsel is hereby DENIED. (Docket No. 8.)

2. Plaintiff's allegations, when liberally construed, state cognizable claims for relief against the defendants listed below. The Clerk of the Court shall issue summons and the United States Marshal shall serve, without prepayment of fees, <u>a copy of the AC in this matter and all attachments thereto (Docket No. 9), and a copy of this order upon the following defendants, all at Salinas Valley State Prison: C. Barroga, R.W. Fritz, S. David, D. Schlitz, A. Quitevis, R. Cortez, R. Garcia, E. Sanchez and J. Ippolito.</u>

<u>The Clerk shall also mail a courtesy copy of the AC and this order to the California Attorney General's Office</u>.

3. Within **ninety (90)** days of the date this order is filed, defendants shall file a motion for summary judgment or other dispositive motion with respect to the claims found to be cognizable above. **If defendants are of the opinion that this case cannot be resolved by summary judgment or other dispositive motion, defendants shall so inform the Court prior to the date the motion for summary judgment or other dispositive motion is due.**

4. The Court hereby extends the time to file an answer or waiver of answer, <u>see</u> 42 U.S.C. § 1997e(g)(1), to a date to be set after the Court has ruled on the above-referenced motion or received notice that such a motion cannot be filed.

5. If defendants elect to file a motion to dismiss on the grounds plaintiff failed to exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a), defendants <u>shall</u> do so in an unenumerated Rule 12(b) motion pursuant to <u>Wyatt v. Terhune</u>, 315 F.3d 1108, 1119-20 (9th Cir. 2003), <u>cert. denied Alameida v. Terhune</u>, 540 U.S. 810 (2003).

6. Any motion for summary judgment shall be supported by adequate factual documentation and shall conform in all respects to Rule 56 of the Federal Rules of Civil Procedure.

7. Plaintiff's opposition to the dispositive motion shall be filed with the Court and served on defendants no later than **thirty (30)** days from the date defendants' motion is filed.

    a. In the event defendants file an unenumerated motion to dismiss under Rule 12(b), plaintiff is hereby cautioned as follows:[1]

> The defendants have made a motion to dismiss pursuant to Rule 12(b) of the Federal Rules of Civil Procedure, on the ground you have not exhausted your administrative remedies. The motion will, if granted, result in the dismissal of your case. When a party you are suing makes a motion to dismiss for failure to exhaust, and that motion is properly supported by declarations (or other sworn testimony) and/or documents, you may not simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or documents, that contradict the facts shown in the defendant's declarations and documents and show that you have in fact exhausted your claims. If you do not submit your own evidence in opposition, the motion to dismiss, if appropriate, may be granted and the case dismissed.

    b. In the event defendants file a motion for summary judgment, the Ninth Circuit has held that the following notice should be given to plaintiffs:

> The defendants have made a motion for summary judgment by which they seek to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.
> Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact--that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendants' declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted in favor of defendants, your case will be dismissed and there will be no trial.

See Rand v. Rowland, 154 F.3d 952, 963 (9th Cir. 1998) (en banc). Plaintiff is advised to read Rule 56 of the Federal Rules of Civil Procedure and Celotex Corp. v. Catrett, 477 U.S. 317 (1986) (holding party opposing summary judgment must come forward with evidence

---

[1] The following notice is adapted from the summary judgment notice to be given to pro se prisoners as set forth in Rand v. Rowland, 154 F.3d 952, 963 (9th Cir. 1998) (en banc). See Wyatt v. Terhune, 315 F.3d at 1120 n.14.

showing triable issues of material fact on every essential element of his claim). Plaintiff is cautioned that failure to file an opposition to defendants' motion for summary judgment may be deemed to be a consent by plaintiff to the granting of the motion, and granting of judgment against plaintiff without a trial. See Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (per curiam); Brydges v. Lewis, 18 F.3d 651, 653 (9th Cir. 1994).

    8. Defendants shall file a reply brief no later than **fifteen (15)** days after plaintiff's opposition is filed.

    9. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

    10. All communications by the plaintiff with the Court must be served on defendants, or defendants' counsel once counsel has been designated, by mailing a true copy of the document to defendants or defendants' counsel.

    11. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16-1 is required before the parties may conduct discovery.

    12. It is plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

    13. Any motion for an extension of time must be filed no later than the deadline sought to be extended and must be accompanied by a showing of good cause.

This order terminates Docket No. 8.

IT IS SO ORDERED.

DATED: March 12, 2010

_____
MAXINE M. CHESNEY
United States District Judge