1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

CEDRIC LYNN STRUGGS,              )   No. C 08-3909 MMC (PR)
                                  )
            Plaintiff,            )   **ORDER GRANTING MOTION TO**
                                  )   **DISMISS**
      v.                          )
                                  )
WARDEN MIKE EVANS, et al.,        )   (Docket No. 16)
                                  )
            Defendants.           )
_____ )

On August 15, 2008, plaintiff, a California prisoner incarcerated at Salinas Valley

State Prison ("SVSP") and proceeding pro se, filed the above-titled civil rights action under

42 U.S.C. § 1983.  Thereafter, the Court determined plaintiff's amended complaint ("AC")

stated a cognizable claim that he was denied due process in connection with a disciplinary

hearing.

Now pending before the Court is defendants' motion to dismiss the AC pursuant to

Rule 12(b)(6) of the Federal Rules of Civil Procedure, on the ground that plaintiff's

allegations fail to state a claim upon which relief can be granted.  Plaintiff has filed

opposition to the motion to dismiss, defendants have filed a reply, and plaintiff has filed a

sur-reply.  For the reasons stated below, the Court will grant defendants' motion to dismiss.

**BACKGROUND**

In the AC, plaintiff makes the following allegations:

Plaintiff was charged with a serious rules violation in connection with a riot that

occurred on November 25, 2007, at SVSP.  (AC at 3-3A.)  Plaintiff's disciplinary hearing,

which was scheduled for December 29, 2007, was postponed by the senior hearing officer, defendant Lt. R.W. Fritz ("Fritz"), when plaintiff complained that he was not ready to proceed because the investigating officer had "intentionally manipulated" the questions asked of plaintiff and his cellmate, and plaintiff's requested witnesses were not present at the hearing.  (AC at 3B-3C.)  The hearing was reconvened on January 3, 2008.  At the hearing, plaintiff asked that he be allowed to question his witnesses, but Fritz, while conceding he had told plaintiff on December 29, 2007, that plaintiff could call witnesses, denied plaintiff's request.  (AC at 3C-3D.)  Fritz also denied plaintiff's request to view videotaped evidence that would have shown the statements made by prison officials in their reports were inaccurate.  (AC at 3D.)  Plaintiff was found guilty of participation in a riot and was assessed ninety days forfeiture of good-time credits.  (See AC Attachment "Rules Violation Report – Part C" dated Jan. 3, 2008.)  Plaintiff appealed the disciplinary finding of guilt.  The appeal was denied at all levels of review.  (AC at 3D.)

Plaintiff then filed the instant civil rights action, in which he claims that correctional officers filed, in connection with plaintiff's disciplinary hearing, untruthful reports about the riot, that those reports were relied upon to find plaintiff guilty, and that plaintiff was not allowed to call witnesses and present video evidence at the disciplinary hearing.  Plaintiff seeks the following relief:

> To retrain officers to conduct written reports accordingly [sic] to what they see, and not to what other officers want them to write.  Dismiss Respondent(s) findings, grant plaintiff a hearing by Jury, award monetary Damages.

(AC at 3-4.)

Upon review of the AC, the Court found plaintiff's allegations state cognizable claims for the denial of due process at his disciplinary hearing.  See Sandin v. Conner, 515 U.S. 472, 484, 487 (1995) (holding procedural protections of due process apply where punishment imposed for disciplinary infraction affects duration of sentence); Wolff v. McDonnell, 418 U.S. 539, 564-70 (1974) (setting forth procedural requirements for disciplinary hearings); Superintendent v. Hill, 472 U.S. 445, 454 (1985) (setting forth evidentiary requirements for disciplinary hearings).

**DISCUSSION**

A.      Standard of Review

A motion to dismiss for failure to state a claim under Rule 12(b)(6) should be granted if the complaint does not proffer "enough facts to state a claim for relief that is plausible on its face."  Bell Atlantic Corp v Twombly, 127 S Ct 1955, 1974 (2007).  The court "must accept as true all of the factual allegations contained in the complaint," Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007), but need not accept as true allegations that are legal conclusions, unwarranted deductions of fact or unreasonable inferences.  See Sprewell v. Golden State Warriors, 266 F.3d 979, 988, amended, 275 F.3d 1187 (9th Cir. 2001). Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory.  Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

In considering a motion to dismiss, the court must construe the complaint in the light most favorable to the plaintiff and accept all factual allegations as true.  See Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 337-38 (9th Cir. 1996).  Federal courts are particularly liberal in construing allegations made in pro se civil rights complaints.  See Thompson v. Davis, 295 F.3d 890, 895 (9th Cir. 2002).  In ruling on a Rule 12(b)(6) motion, the court may not consider any material outside the complaint but may consider exhibits attached thereto.  See Arpin v. Santa Clara Valley Transportation Agency, 261 F.3d 912, 925 (9th Cir. 2001); Fed. R. Civ. P. 10(c) (treating exhibits attached to complaint as part of complaint for purposes of ruling on 12(b)(6) motion).

B.      Analysis

As noted, plaintiff claims the disciplinary hearing at which he was assessed ninety days of good-time credits did not comply with the requirements of due process.  He seeks both injunctive relief and monetary damages.

Defendants argue that plaintiff cannot proceed because his claims are barred by the United States Supreme Court's holding in Heck v. Humphrey, 512 U.S. 477 (1994).

Under Heck, in order to state a claim for damages for an allegedly unconstitutional

conviction or term of imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a plaintiff asserting a violation of 42 U.S.C. § 1983 must prove that the conviction or sentence has been reversed or declared invalid.  See id. at 486-87.  A claim for damages arising from a conviction or sentence that has not been so invalidated is not cognizable under § 1983.  See id.

Heck bars a claim of unconstitutional deprivation of time credits because such a claim necessarily calls into question the lawfulness of the plaintiff's continuing confinement, i.e., it implicates the duration of the plaintiff's sentence.  See Sheldon v. Hundley, 83 F.3d 231, 233 (8th Cir. 1996).  Heck also bars a claim for use of the wrong procedures in a disciplinary hearing that resulted in the deprivation of time credits, if "the nature of the challenge to the procedures [is] such as necessarily to imply the invalidity of the judgment."  Edwards v. Balisok, 520 U.S. 641, 645 (1997).

Plaintiff argues his claims are not barred by Heck and its progeny because plaintiff has not requested restoration of the ninety days of lost credits, and he has completed a term of administrative segregation in connection with the disciplinary hearing.  In support of his argument, plaintiff relies on the case of Muhammad v. Close, 540 U.S. 749 (2004) (per curiam), in which the United States Supreme Court held Heck did not bar a suit for monetary damages where the plaintiff claimed prison officials had retaliated against him by charging him with a disciplinary infraction that caused him to be held for several days in pre-hearing detention.  Specifically, the Supreme Court found the plaintiff's damages claims were not barred because the plaintiff was challenging only the disciplinary charge and resulting period of pre-hearing detention, neither of which had resulted in the loss of good time credits.  540 U.S. at 753-54.  In particular, while the plaintiff eventually was tried and found guilty of a lesser disciplinary charge, such finding did not result in the loss of any time credits and was not being challenged by the plaintiff.  Id.  Based on such facts, the Supreme Court concluded that Heck did not bar the plaintiff's claims, because a determination thereof would not implicate the duration of the plaintiff's sentence; thus, the plaintiff had raised no claim on which habeas relief could have been granted.  Id. at 754.

4

1      Defendants argue Muhammad is distinguishable from plaintiff's claims herein,

2   because plaintiff is challenging the validity of a disciplinary finding of guilt that resulted in

3   the loss of good time credits.  Consequently, defendants argue, a finding by this Court that

4   plaintiff was denied due process at his disciplinary hearing would necessarily call into

5   question the validity of the ninety-day credit forfeiture.

6      The Court finds the United States Supreme Court's decision in Edwards v. Balisok,

7   520 U.S. 641 (1997), dispositive of this matter.  In Edwards, the plaintiff was found guilty of

8   prison infractions that resulted in the deprivation of thirty days of good-time credits.  He filed

9   a civil rights action for damages, claiming his right to due process had been violated because

10  the hearing officer did not allow him to call witnesses who possessed exculpatory evidence,

11  and that the hearing officer was biased and untruthful about the nonexistence of the witness

12  statements at issue.  See id. at 646-47.  The Supreme Court held that even though the plaintiff

13  was not expressly seeking restoration of the lost good-time credits, his claims were barred by

14  Heck because a judgment in the plaintiff's favor would necessarily imply the invalidity of the

15  deprivation of the good-time credits.  See id. at 647.  Specifically, the Supreme Court found

16  the plaintiff's claims of witness preclusion, as well as his claims of bias and deceit on the part

17  of the decision-maker, were the type of procedural defects that, if proven, would require the

18  plaintiff's finding of guilt to be set aside.  See id. at 647.

19     Here, plaintiff claims his right to due process at his disciplinary hearing was violated

20  when prison officials filed untruthful reports about the riot, those reports were relied upon by

21  the hearing officer to find plaintiff guilty, and plaintiff was not allowed to call witnesses and

22  present video evidence in his favor.  Such claims, if established, would necessarily imply the

23  invalidity of plaintiff's disciplinary proceedings and, consequently, the forfeiture of time

24  credits as well.  See id.; see also Wolff v. McDonnell, 418 U.S. 539, 566 (1974) (holding

25  prisoners have limited due process right to call witnesses and present documentary evidence

26  at disciplinary hearing);

27     Accordingly, the Court will grant defendants' motion to dismiss the complaint for

28  failure to state a claim upon which relief may be granted.  See Edwards, 520 U.S. at 649.

The dismissal is without prejudice to plaintiff's filing a new civil rights action under 24 U.S.C. § 1983 if and when his disciplinary finding of guilt is invalidated.  See Trimble v. City of Santa Rosa, 49 F.3d 583, 585 (9th Cir. 1995).  Further, if plaintiff wishes to challenge the decision that resulted in the forfeiture of credit, he must do so in a petition for a writ of habeas corpus.  See Young v. Kenny, 907 F.2d 874, 877 (9th Cir. 1990) (holding habeas corpus is sole remedy for challenge to deprivation of time credits).

**CONCLUSION**

For the foregoing reasons, defendants' motion to dismiss is hereby GRANTED, and the instant action is hereby DISMISSED without prejudice to plaintiff's filing a new civil rights action if and when a cause of action accrues.

This order terminates Docket No. 16.

The Clerk shall close the file.

IT IS SO ORDERED.

DATED: December 6, 2010

_____
MAXINE M. CHESNEY
United States District Judge

6